IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 21-CV-01687-RM-NRN**

Jose Arroyo, *et al.*

      Plaintiffs,

v.

Billy Eischen, *et al.*

      Defendants.

---

**DEFENDANT ANDREW PRIVETT'S MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(1) AND 12(b)(6)**

---

Defendant Andrew Privett, by and through his undersigned counsel, Elkus & Sisson, P.C., hereby respectfully moves the Court to dismiss the Complaint (Doc. No. 1) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) as follows:

**Certification of conferral pursuant to D.C. COLO.L.CIV.R. 7.1(a) and Civ. Practice
Standard IV.N.2.a**

The undersigned counsel hereby certifies that on March 4, 2022, he conferred with counsel for Plaintiffs via telephone regarding this Motion. One of the subjects of the conferral was the possibility of Plaintiffs amending the Complaint and counsel for Plaintiffs indicated that presently there is no plan to amend the Complaint. Plaintiffs oppose the relief sought by this Motion.

**I.    Introduction**

Defendant Andrew Privett was not directly involved in the alleged use of force that is the subject of Plaintiffs' Complaint. In Plaintiffs' own words, Privett was an "observer" and was "visiting FCC Florence that day." According to Plaintiffs' allegations, Privett was a passive

observer of the alleged incident and was allegedly "responsible for ensuring that the exercise went

as planned." Plaintiffs fail to allege specific acts by Privett that could give rise to any plausible

claim for relief against him. Privett, therefore, respectfully moves this Court to dismiss all of

Plaintiffs' claims against him pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II.    Allegations as to Defendant Privett

The general nature of this action and the circumstances alleged in the Complaint are

undoubtedly familiar to the Court from the numerous motions to dismiss filed by the Defendants.

This Motion will focus on the allegations specific to Privett which are contained in only two

paragraphs in the Complaint, *i.e.*, paragraphs 22 and 89. In pertinent part those portions of the

Complaint allege as follows:

> Defendants Harris and Privett were officers from other federal prison complexes
> who were visiting FCC Florence that day in their capacities as regional Tactical
> Trainers whose role it was to facilitate SORT trainings and certify SORT members.

(Compl. (Doc. No. 1) at ¶ 22.)

> Additionally, regional SORT Tactical Trainers Michael Harris and Andrew Privett
> were responsible for facilitating the mock training exercise. Defendant Privett was
> the Tactical Trainer that served as the Observer for the exercise; in that role, he was
> present with the SORT members outside of the cashier's cage and was responsible
> for ensuring that the exercise went as planned.

(Compl. (Doc. No. 1) at ¶ 89.)

## III.    Legal Standards

### A.    Fed. R. Civ. P. 12(b)(1)

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis

to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). "It is to be

presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the

contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*,

511 U.S. 375, 377 (1994) (citations omitted).

> Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject-matter jurisdiction, mounting either a facial or factual attack. A facial attack assumes the allegations in the complaint are true and argues they fail to establish jurisdiction. A factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction.

*Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (citations omitted).

### B.    Fed. R. Civ. P. 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), the Court may discuss a claim for relief for "failure to state

a claim upon which relief can be granted…." This pleading standard requires allegation of

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are

merely consistent with a defendant's liability, it stops short of the line between possibility and

plausibility of entitlement to relief." *Id.* (quotation marks omitted).

> Under the *Twombly/Iqbal* pleading standard, courts take a two-prong approach to evaluating the sufficiency of a complaint. The first prong of the test requires the court to identify which pleadings are not entitled to the assumption of truth. This includes legal conclusions as well as threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. The second prong of the test requires the court to assume the veracity of the well-pleaded factual allegations and then determine whether they plausibly give rise to an entitlement to relief. Accordingly, in examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.

*Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (brackets,

quotation marks, and citations omitted).

3

IV.    **Argument**

All of Plaintiffs' claims for relief should be dismissed as to Privett for multiple reasons that will be discussed in detail below.  Plaintiffs' Complaint asserts the following causes of action against Privett: (1) "Excessive force in violation of Fourth Amendment (*Bivens*);" (2) "Intentional infliction of emotional distress;" and (3) "Civil conspiracy."

A.    **Count I "Excessive force in violation of Fourth Amendment (*Bivens*)"**

Plaintiffs' claim for "excessive force in violation of Fourth Amendment (*Bivens*)" against Privett should be dismissed for any of several reasons pursuant to Fed. R. Civ. P. 12(b)(6).

*1.    There is no existing remedy for the Plaintiffs under* Bivens *and a new species of* Bivens *claim should not be created*

The first step in analyzing a purported *Bivens* claim is determining "whether the claim arises in a new *Bivens* context, *i.e.*, whether the case is different in a meaningful way from previous Bivens cases decided by this Court."  *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1864 (2017) (quotation marks omitted).  *Bivens* claims have been recognized by the Supreme Court in only three contexts: (1) against federal agents who entered a home without a warrant, arrested the occupant, and brought him to jail in violation of the Fourth Amendment (*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)); (2) against a Congressman for gender discrimination in violation of the Due Process Clause of the Fifth Amendment (*Davis v. Passman*, 442 U.S. 228 (1979)); and (3) against federal prison officials by the estate of a deceased inmate for failure to provide proper medical attention under the Eighth Amendment (*Carlson v. Green*, 446 U.S. 14 (1980)).  The facts of this case plainly bear no resemblance to any of the existing *Bivens* claims.  A purported claim under the Fourth Amendment for injuries allegedly sustained at

the hands of co-workers during a training exercise is nothing like the facts of *Bivens*, *Davis*, and *Carlson*.

When, as here, a purported *Bivens* claim is asserted in a new context, the second step in the analysis is determining whether there are "special factors" that justify hesitating to create a new *Bivens* claim. *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020). There is no "exhaustive list" of such special factors, but the Supreme Court has "explained that central to this analysis are separation-of-powers principles." *Id.* (brackets and quotation marks omitted). This includes "the risk of interfering with the authority of the other branches," and "'whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (*quoting Ziglar*, 137 S. Ct. at 1858).

The Supreme Court refuses to recognize new *Bivens* remedies for alleged damages where it is apparent that "the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms…." *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988). As applicable here, Congress has created a statutory mechanism for employees' injuries suffered while on the job: the Federal Employees Compensation Act ("FECA"), 5 U.S.C. §§ 8101-93. Because Congress has fashioned a system for compensating employees for injuries suffered at work, a judicially created remedy under *Bivens* would intrude on the legislative role of Congress.[1]

Courts are ill-suited to define the parameters of training exercises in the prison environment where employees must be prepared to face situations that are more dangerous than in many other

---

[1] Likewise, Congress created the Federal Tort Claims Act, 28 U.S.C. § 1346, to provide a mechanism for claims asserted against the United States arising from actions of persons acting on behalf of the United States, and the Civil Service Reform Act to govern federal civilian employees. Privett adopts and joins in Defendant Fernandez's arguments on these points. (Doc. No. 86.)

employment contexts, such as prison riots or hostage situations.  *See Bush v. Lucas*, 462 U.S.367,

389 (1983) ("Congress is in a far better position than a court to evaluate the impact of a new species

of litigation between federal employees on the efficiency of the civil service.")  The unique nature

of a prison makes it all the more important to reserve determinations about the training necessary

for such a dangerous environment to those with the specialized knowledge of the day-to-day risks

in prisons.  This is particularly so in a high security facility such as USP Florence where the alleged

incident occurred.  There is no existing *Bivens* claim available to the Plaintiffs, and this Court

should decline to create a new claim.

> 2.  *Even if a* Bivens *claim could be asserted, Plaintiffs have failed to allege a viable claim under the* Twombly/Iqbal *standard*

Assuming for the sake of argument that a *Bivens* claim exists here, Plaintiffs fail to allege

facts justifying such a claim against Privett.  In claims against "government actors sued in their

individual capacities" it is particularly important "that the complaint make clear exactly *who* is

alleged to have done *what* to *whom*…."  *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d

1242, 1249 (10th Cir. 2008) (emphasis in original).  Plaintiffs' purported *Bivens* claim is based on

the alleged use of physical force against them:

> Defendants used excessive force in seizing plaintiffs on June 20, 2019, including
> but not limited to unreasonably restraining and incapacitating Plaintiffs by applying
> OC spray, punching, shoving, grabbing Plaintiffs and pulling them out of the
> cashier's cage, and otherwise unnecessarily using physical force and verbally
> threatening Plaintiffs.

(Compl. (Doc. No. 1) at ¶ 103; *see also id.* at ¶¶ 104-09.)  According to Plaintiffs' own allegations,

however, Privett did not use any force against the Plaintiffs.  Rather, Plaintiffs allege that Privett

merely had some sort of planning or supervisory role in the training exercise while visiting from

another facility.  (*See id.* at ¶¶ 22, 89.)  Plaintiffs do not allege that the planning or supervision of

the training exercise violated their Fourth Amendment rights.  Instead, they allege that the "use of excessive force proximately caused Plaintiffs' damages and injuries, including physical injury, physical pain and suffering, lost liberty, and psychological and emotional distress."  (*Id.* at ¶ 109.) The allegations of the Complaint, particularly when viewed through the lens of the *Twombly/Iqbal* standard, show that Privett did not use any level of force, excessive or otherwise, to cause Plaintiffs' alleged damages.

Even assuming for the sake of argument that Plaintiffs can overcome the fact that they have not alleged any use of force by Privett, there has been no seizure, as that term is used in the Fourth Amendment context, of the Plaintiffs by Privett.  "To state a claim of excessive force under the Fourth Amendment, a plaintiff must show both that a 'seizure' occurred and that the seizure was 'unreasonable.'" *Bella v. Chamberlain*, 24 F.3d 1251, 1255 (10th Cir. 1994) (*citing Brower v. County of Inyo*, 489 U.S. 593, 599 (1989)).  "A seizure requires the use of force *with intent to restrain*.  Accidental force will not qualify.  Nor will force intentionally applied for some other purpose satisfy this rule." *Torres v. Madrid*, 141 S. Ct. 989, 998 (2021) (emphasis in original, citation omitted).  "[T]he appropriate inquiry is whether the challenged conduct *objectively* manifests an intent to restrain…." *Id.* (emphasis in original).  Not only have Plaintiffs failed to allege any facts that would plausibly demonstrate the objective intent on the part of Privett required by *Torres*, but the allegations of the Complaint also make it objectively unreasonable to assume that the Plaintiffs thought they were being arrested.  Plaintiffs knew it was a training exercise, (Compl. (Doc. No. 1) at ¶ 30), and they alone made the choice to barricade themselves within the cashier's cage, (*id.* at ¶¶ 32-33).  Plaintiffs decided to lock and barricade the door.  (*Id.* at ¶ 42.) Having locked themselves in that space, and other officers trying to gain entry to the cashier's cage

7

rather than arrest the Plaintiffs, it is objectively unreasonable to think that Privett (who did not

apply any force to the Plaintiffs nor enter the cashier's cage) used any force against the Plaintiffs

*with intent to restrain them*.

As discussed above, Plaintiffs' purported *Bivens* claim is based entirely on the alleged use

of force against them.  The claim is not based on a supervisory theory of liability.  In case there

was any doubt, Plaintiffs make clear their theory of what caused their alleged damages: the actual

"use of excessive force."  (Compl. (Doc. No. 1) at ¶ 109.)  Even if the Court were to construe the

purported *Bivens* claim against Privett as one based on supervisory liability, the claim would fail.

The required elements to support such a claim are: "'(1) the defendant promulgated, created,

implemented or possessed responsibility for the continued operation of a policy that (2) caused the

complained of constitutional harm, and (3) acted with the state of mind required to establish the

constitutional deprivation.'"  *Watson v. Hollingsworth*, 741 Fed. Appx. 545, 551 (10th Cir. 2018)

(unpublished) (*quoting Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010)).  Plaintiffs do

not allege that any policy caused their alleged harm, nor that Privett "promulgated, created,

implanted, or possessed responsibility for" such a policy.  Nor do Plaintiffs allege that Privett

"acted with the state of mind required."  "Because vicarious liability is inapplicable to *Bivens* and

§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's

*own individual actions*, has violated the Constitution."  *Iqbal*, 556 U.S. at 676 (emphasis added).

Whether under a direct theory, or the unpled supervisory theory that Plaintiffs may attempt to

argue in response to this Motion, Plaintiffs have failed to allege any plausible *Bivens* claim against

Privett based on Privett's "own individual actions."

3.      *Defendant Privett is entitled to qualified immunity*

Though Privett has shown that there is no basis to assert a *Bivens* claim against him, even

assuming for the sake of argument that the Court finds a *Bivens* claim exists Privett is protected

by qualified immunity.  "The doctrine of qualified immunity protects government officials from

liability for civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555

U.S. 223, 231 (2009) (quotation marks omitted).  "Once an individual defendant asserts qualified

immunity, the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated

a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the

time of the defendant's unlawful conduct." *Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016)

(quotation marks omitted).  The Tenth Circuit Court of Appeals has characterized this as a "heavy

burden" for plaintiffs.  *Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1208 (10th Cir. 2017).

The Plaintiffs in this action cannot carry the "heavy burden" of satisfying the two-part

qualified immunity analysis.  As discussed elsewhere in this Motion, Plaintiffs cannot establish

that Privett violated a federal constitutional or statutory right.  Also, even if they could overcome

that first element of the analysis the Plaintiffs cannot establish that such right was "clearly

established" as required by the second element of the analysis.  "A clearly established right is one

that is sufficiently clear that every reasonable official would have understood that what he is doing

violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quotation marks omitted).  The

Supreme Court has made clear "the longstanding principle that 'clearly established law should not

be defined 'at a high level of generality.'" *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (*quoting*

*Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)).

9

> A right is clearly established if, at the time of the conduct, existing precedent has placed the statutory or constitutional question beyond debate. Ordinarily this standard requires either that there is a Supreme Court or Tenth Circuit decision on point, or that the clearly established weight of authority from other courts has found the law to be as the plaintiff maintains.

*Patel v. Hall*, 849 F.3d 970, 980 (10th Cir. 2017) (quotation marks, citations, and brackets omitted). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions. When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *al-Kidd*, 131 S. Ct. at 2085 (*quoting Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Plaintiffs cannot satisfy the "clearly established" portion of the qualified immunity analysis because there is no Supreme Court, Tenth Circuit, or "clearly established weight of authority from other courts" that could support the legal theory Plaintiffs purport to assert against Privett in their Fourth Amendment *Bivens* claim for relief. Notably, counsel for many of the co-Defendants have also been unable to locate precedent that would make Plaintiffs' theory "clearly established." (Harris Motion to Dismiss (Doc. No. 65) at 14; Eischen Motion to Dismiss (Doc. No. 70) at 8; Myers Motion to Dismiss (Doc. No. 77) at 10; Fernandez Motion to Dismiss (Doc. No. 86) at 15; Weise and Holcomb Motion to Dismiss (Doc. No. 92) at 12.)

Plaintiffs cannot satisfy either of the two steps in the qualified immunity analysis and, therefore, the purported *Bivens* claim against Privett may be dismissed on the grounds of qualified immunity as well as the other grounds discussed above.

**B.      Counts II and III "Intentional infliction of emotional distress" and "Civil conspiracy"**

Defendant Privett respectfully moves this Court to dismiss Counts II and III of the Complaint on three independent grounds, any of which standing alone are sufficient: (1) Privett is an improper party as to these claims by operation of the Westfall Act; (2) Plaintiffs fail to state plausible claims against Privett; and (3) Plaintiffs failed to exhaust administrative remedies under the Federal Tort Claims Act.

*1.      Privett is an improper party as to these claims*

On January 14, 2022, the United States filed its Notice of Substitution of United States as Defendant (Doc. No. 59) pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(1).  That provision provides for "certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose."  *Id.* "Upon certification, the employee is dismissed from the action and the United States is substituted as defendant."  *Gutierrez De Martinez v. Lamagno*, 515 U.S. 417, 420 (1995).  Because the United States has certified that Privett was acting within the scope of his office or employment pursuant to the Westfall Act, the claims alleged against Privett in Counts II and III of the Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

*2.      Failure to state plausible claims against Privett*

Plaintiffs' intentional infliction of emotional distress and civil conspiracy claims for relief against Privett should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

The elements of intentional infliction of emotional distress (also referred to as "outrageous conduct") under Colorado law are: "(1) the defendant engaged in extreme and outrageous conduct, (2) recklessly or with the intent of causing the plaintiff severe emotional distress, and (3) causing

11

the plaintiff severe emotional distress." *Green v. Qwest Servs. Corp.*, 155 P.3d 383, 385 (Colo. App. 2006). As discussed above, the Complaint merely alleges that Privett was one of the officers visiting that day whose role generally included facilitating SORT trainings and certifying SORT members. (Compl. (Doc. No. 1) at ¶ 22.) The only other allegations specific to Privett are that he was one of two officers "responsible for facilitating the mock training exercise," that he served as an observer for the exercise, that he was merely present somewhere outside the cashier's cage, and that he was responsible in some capacity for ensuring the exercise went as planned. (*Id.* at ¶ 89.) Nowhere is there any other allegation about Privett beyond the sort of generalities and conclusory statements that are insufficient under the *Twombly/Iqbal* standard. Plaintiffs' specific allegations about Privett, therefore, at most establish that he was visiting the facility and merely a passive observer. Plaintiffs do not allege which, if any, of the alleged events inside the cashier's cage were observed by Privett. Logically, with the entrance to the cashier's cage barricaded and Privett allegedly located somewhere outside the cashier's cage, it is doubtful Privett could see the events that Plaintiffs allege occurred inside the cashier's cage. Regardless, Plaintiffs fail to allege the necessary elements of this claim against Privett according to the *Twombly/Iqbal* standard.

Under Colorado law, the elements of a civil conspiracy claim are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) damages as to the proximate result." *Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995). The Complaint utterly fails to allege facts that could satisfy these elements as to Privett, particularly under the *Twombly/Iqbal* standard. At best, Plaintiffs can only satisfy the first element of a civil conspiracy claim: "two or more persons." *Nelson*, 908 P.2d at 106. The

12

threadbare allegations about Privett discussed above cannot plausibly trigger the other four elements of a civil conspiracy claim for relief.

### 3.    Failure to exhaust administrative remedies

Defendant Privett adopts and joins in the United States' Motion to Dismiss Counts II and III for Failure to Exhaust Administrative Remedies (Doc. No. 60).  Counts II and III asserted against Privett in the Complaint should be dismissed because the United States is the proper Defendant as to those claims and Plaintiffs failed to exhaust their administrative remedies under the Federal Tort Claims Act.

## V.    Conclusion

For all the reasons set forth above, Defendant Privett respectfully moves the Court to dismiss all claims against him pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Respectfully submitted March 8, 2022.

/s/Lucas Lorenz
Reid J. Elkus
Lucas Lorenz
Stephen Holmes
Elkus and Sisson, P.C.
7100 E Belleview Ave, Suite 101
Greenwood Village, CO 80111
303-567-7981
relkus@elkusandsisson.com
llorenz@elkusandsisson.com
sholmes@elkusandsisson.com

*Attorneys for Defendant Andrew Privett*

13

## CERTIFICATE OF SERVICE

I hereby certify on this 8th day of March, 2022, the foregoing was electronically filed using

CM/ECF which will send notification of such filing to:

Kathleen K. Custer, Esq.
katie.custer@arnoldporter.com

Rachel L. Ryan, Esq.
rachel.ryan@arnoldporter.com

Edwin Packard Aro
ed.aro@arnoldporter.com

Amanda A. Berndt, Esq.
amanda.berndt@usdoi.qov

Jennifer Oxley, Esq.
oxlev@wtotrial.com

Charles W. Gibson, Esq.
gibson@wtotrial.com

Habib Nasrullah
nasrullah@wtotrial.com

Kaitlin B. Turner, Esq.
kaitlin@werge.law

Thomas E.M. Werge, Esq.
tom@werge.law

Ann B. Smith, Esq.
asmith@vauahandemuro.com

Gordon L. Vaughan, Esq.
avauahan@vauahandemuro.com


Andrew J. Carafelli, Esq.
acarafelli@hkip.com5

Andrew D. Ringel, Esq.
ringela@hallevans.com

Jonathan M. Abramson
jonathan@kandf.com

Yulia Nikolaevskaya
julie@kandf.com

                                        */s/ Amy H. Morris*
                                        Amy H. Morris, Paralegal