# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Jose Arroyo, Heather Boehm, Samuel Cordo, and
Amber Miller,

      Plaintiffs,

    v.

Billy Eischen, Christopher Fernandez,
Alexander Hall, Michael Harris, Timothy Holcomb,
Derek Myers, Joshua Moore, Andrew Privett,
Dustin Ross, and Chad Weise,

      Defendants.

Civil Action No. 1:21-cv-01687

---

## PLAINTIFFS' MOTION FOR LEAVE TO FILE A RESPONSE TO DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER

---

Pursuant to Section IV.F of this Court's Civil Practice Standards, Plaintiffs Jose Arroyo, Heather Boehm, Samuel Cordo, and Amber Miller respectfully request leave to file a response to Defendants' Rule 72(a) Objection to Judge Neureiter's March 8, 2022, Order (ECF No. 121).

### CERTIFICATION OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)

Plaintiffs made good faith efforts to confer with the United States and all individual Defendants. Counsel for Defendants take no position on this Motion.

### BACKGROUND

Plaintiffs in this case, Bureau of Prisons ("BOP") employees, assert *Bivens* and tort claims against Defendants, their BOP coworkers, because of Defendants' violent and unauthorized assault against them, including through use of simunitions and OC spray. As detailed in the Complaint, on June 20, 2019, Defendants launched an extended series of threats and physical attacks on

Plaintiffs during a mock training exercise at the Federal Correctional Complex Florence ("FCC Florence"). While Plaintiffs were sheltered in place inside the cashier's cage of the FCC Florence Business Office, Defendants repeatedly threatened violence and shot an aerosol bottle of OC spray into the eight-foot by five-foot room. When Plaintiffs unlocked the door to escape the fumes, Defendants rushed into the cashier's cage and punched, shoved, and fired simunition rounds at Plaintiffs, in violation of BOP policy.

Despite Defendants' egregious and improper conduct, on January 14, 2022, the United States certified that, for purposes of Plaintiffs' tort claims, the Defendants were acting within the scope of their employment under the Federal Employees Liability Reform and Tort Compensation Act, commonly called the Westfall Act. ECF No. 59-1. Based on this certification, the United States then substituted itself as the party defendant for those claims and moved to dismiss them. ECF Nos. 59 and 60. Defendants then all filed motions to dismiss, relying in part on the United States' purported substitution as the party defendant for Plaintiffs' tort claims. ECF Nos. 65, 70, 77, 83, 86, and 92.

Plaintiffs contend that Defendants were not, in fact, acting in the scope of their employment when they attacked their fellow employees without reason or provocation. Therefore, Plaintiffs requested an extension of time to respond to the motions to dismiss and limited expedited discovery on the scope of Defendants' employment. ECF No. 75. Judge Neureiter considered Plaintiffs' motion for limited discovery as well as two motions to stay discovery from Defendants at an in-person Conference on March 1, 2022. ECF No. 114.

Upon consideration of the parties' motions, oral arguments, and the applicable case law, Judge Neureiter granted Plaintiffs limited discovery on the Defendants' scope of employment, including a one-hour deposition of each Defendant and limited written discovery requests to the

United States. ECF No. 119. Judge Neureiter also granted Defendants' motions to stay in part, staying any other discovery other than that set forth in his Order. *Id.* On March 22, 2022, Defendants filed an objection to Judge Neureiter's Order with this Court pursuant to Federal Rule of Civil Procedure 72(a). ECF No. 121. Plaintiffs now seek leave to respond to this objection to clarify issues for this Court and aid in its efficient adjudication of this matter.

## MOTION

Pursuant to this Court's Civil Practice Standards, Plaintiffs may file a response to Defendants' objection to Judge Neureiter's non-dispositive, pretrial Order with leave of the Court. J. MOORE CIV. PRACT. STANDARDS § IV.F(3). Such leave should be granted in this case because Defendants' objection disregards Plaintiff's detailed allegations, overstates the relevant law, and reasserts arguments from Defendants' motions to dismiss to which Plaintiffs have not yet had an opportunity to respond.

There are two significant issues with the objection's first argument which justify this Court granting leave for Plaintiffs to respond. First, the argument conflates the law regarding obtaining discovery to challenge a Westfall Act certification and substantively challenging the certification itself. Defendants incorrectly suggest that Plaintiffs are entitled to limited discovery only if they first produce "factual and specific evidence" affirmatively showing Defendants were not acting within the scope of their employment. *See* Defs.' Obj. at 5-7. Rather, to obtain discovery, Plaintiffs need only have alleged sufficient facts that, taken as true, would rebut the Westfall Act certification. *E.g., Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003); *Jacobs v. Vrobel*, 724 F.3d 217, 220–21 (D.C. Cir. 2013); *Bolton v. United States*, 946 F.3d 256, 260 (5th Cir. 2019). Defendants' objection further warrants response because of its disregard for the specific and salient facts asserted by Plaintiff which rebut the Westfall Act certification and properly warrant

3

discovery. As more fully explained in Plaintiffs' motion for limited discovery, ECF No. 75, the

Complaint and supporting documentary evidence proffered by Plaintiffs rebut—or at a minimum

create an issue of material fact—that the Defendants were acting within the scope of their

employment when they assaulted or permitted the physical assault of Plaintiffs on June 20, 2019.

Plaintiffs provide specific allegations of Defendants' actions—including shooting their coworkers

with simunition rounds at close range, spraying their coworkers with OC spray, and beating their

coworkers as they screamed for help—which clearly were not "assigned" work, "necessarily

incidental" to assigned work, or "customary" in the BOP's business. *See Podboy v. Fraternal

Ord. of Police, Denver Sheriff Lodge 27*, 94 P.3d 1226, 1230 (Colo. App. 2004) (noting the

circumstances when an employee is acting within the scope of his employment under Colorado

law). Because Defendants disregard the specific facts alleged in the Complaint and Plaintiffs'

supporting documentation, Plaintiffs should be granted the opportunity to respond to the objection

and provide the Court with the full scope of Plaintiffs' allegations which support Judge Neureiter's

Order and justify limited Westfall Act discovery in this case.[1]

---

[1] The objection also alleges that a successful challenge to the United States' Westfall Act certification would not improve Plaintiffs' position in this case as their tort law claims are barred by a state statute of limitations. Defs.' Obj. at 11 n.5. It is unclear exactly how this contention—originally made in response to Plaintiffs' Motion for Expedited Discovery—relates to Defendants' argument that Judge Neureiter's Order is somehow deficient. Instead, Defendants appear to supplement their objection with incorrect, substantive arguments not properly before this Court. The statute in question, Colo. Rev. Stat. § 13-80-103(1)(c), would not bar Plaintiffs' tort claims in this case. Section 13-80-103(1)(c) applies to claims against a variety of state actors and "other law enforcement authority." The Colorado Supreme Court and Colorado Court of Appeals have found individuals to fall within this category when they are considered "peace officers" under Colorado law. *See Delta Sales Yard v. Patten*, 892 P.2d 297, 300 (Colo.1995), *Garcia v. Harms*, 410 P.3d 561, 565–66 (Colo. App. 2014). Colorado state corrections officers are statutorily defined as "peace officers," Colo. Rev. Stat. § 16-2.5-135, and have thus been found to fall within the "other law enforcement authority" provision of the statute of limitations. *Garcia*, 410 P.3d at 566. This definition does not include federal corrections officers or BOP employees. Further, peace officers "at a minimum, ha[ve] the authority to enforce all laws of the state of Colorado while acting within the scope of his or her authority and in the performance of his or her duties." Colo. Rev. Stat. § 16-2.5-101(1) (emphasis added). Federal corrections officers and BOP employees are not authorized to "enforce all laws of the state of Colorado while acting within the scope of [their] authority" and are not considered "peace officers" under Colorado law. *See id.* § 16-2.5-151 (permitting specified federal actors to be considered "peace officers" in limited, defined circumstances not applicable to Defendants in this case). There is also no case law to support of the application of this statute of limitations to tort claims against federal actors, like Defendants.

A response to the objection is also necessary because Defendants' second argument mischaracterizes the law regarding stays of discovery in this District.  Defendants object to Judge Neureiter's Order granting one-hour depositions of each Defendant because they have raised qualified immunity as a defense to Plaintiffs' first claim.  However, the decision of whether to stay discovery rests entirely within the discretion of the court.  *E.g.*, *Est. of McClain by & through McClain v. City of Aurora, Colo.*, No. 20-cv-02389-DDD-NRN, 2021 WL 307505, at *1 (D. Colo. Jan. 29, 2021).  "Even when qualified immunity is raised, courts in this District generally disfavor a stay of all discovery."  *Est. of Ronquillo by & through Sanchez v. City & Cty. of Denver*, No. 16-CV-01664-CMA-NYW, 2016 WL 10842586, at *3 (D. Colo. Nov. 14, 2016); *see also Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004) ("[I]nvocation of the defense [of qualified immunity] is not a bar to all discovery."). Further, in circumstances where qualified immunity is not available against some of the claims in a case, courts in this District will deny motions to stay. *E.g.*, *Est. of Saenz v. Bitterman*, No. 20-CV-00848-NRN, 2020 WL 6870565, at *2 (D. Colo. May 15, 2020).  Defendants nonetheless challenge Judge Neureiter's reasonable exercise of discretion to grant very limited discovery in this case and reassert identical arguments as those proffered in their motions to dismiss and motions to stay that were properly considered and rejected by the court.  Because Defendants overstate the law in this District on stays of discovery based on qualified immunity, Plaintiffs request the opportunity to fully respond to their objection.

## CONCLUSION

For the foregoing reasons, Plaintiffs request leave to file a response to Defendants' Rule 72(a) Objection (ECF No. 121).

Dated: March 25, 2022                     Respectfully submitted,

                                          By:     */s/ Kathleen Custer*_____
                                                  Kathleen K. Custer
                                                  Arnold & Porter Kaye Scholer LLP
                                                  1144 Fifteenth Street, Suite 3100
                                                  Denver, CO 80202-2569
                                                  (303) 863-1000
                                                  Katie.Custer@arnoldporter.com
                                                  *Attorney for Plaintiffs*

6

## CERTIFICATE OF SERVICE

I hereby certify that, on March 25, 2022, I served the foregoing **MOTION FOR LEAVE TO FILE A RESPONSE TO DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER** via ECF on:

Amanda Berndt
Jeffrey Nelson
Assistant United States Attorney
111 So. Main St., Suite 1800
Salt Lake City, UT 84111-2176
amanda.berndt@usdoj.gov
jeff.nelson@usdoj.gov
*Counsel for Interested Party United States of America*

Andrew Ringel
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202
ringela@hallevans.com
*Counsel for Defendant Billy Eischen*

Jennifer Oxley
Charles Gibson
Habib Nasrullah
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202
oxley@wtotrial.com
gibson@wtotrial.com
nasrullah@wtotrial.com
*Counsel for Defendant Christopher Fernandez*

Gordon L. Vaughan
Ann B. Smith
Vaughan & DeMuro
111 South Tejon Street, Suite 545
Colorado Springs, CO 80903
gvaughan@vaughandemuro.com
asmith@vaughandemuro.com
*Counsel for Defendant Michael Harris*

Andrew Carafelli
Harris, Karstaedt, Jamison & Powers, P.C.
10333 E. Dry Creek Road, Suite 300
Englewood, CO 80112

7

acarafelli@hkjp.com
*Counsel for Defendant Derek Myers*

Kaitlin Turner
Thomas Werge
Werge Law Group
1627 Vine Street, Suite 200
Denver, CO 80206
kaitlin@werge.law
tom@werge.law
*Counsel for Defendants Alexander Hall and Joshua Moore*

Reid J. Elkus
Lucas Lorenz
Stephen Holmes
Elkus and Sisson, P.C.
7100 E Belleview Ave, Suite 101
Greenwood Village, CO 80111
relkus@elkusandsisson.com
llorenz@elkusandsisson.com
sholmes@elkusandsisson.com
*Counsel for Defendant Andrew Privett*

Jonathan M. Abramson
Yulia Nikolaevskaya
Kissinger & Fellman, P.C.
3773 Cherry Creek N. Dr., #900
Denver, CO 80209
jonathan@kandf.com
julie@kandf.com
*Counsel for Defendants Timothy Holcomb, Chad Weise and Dustin Ross*