IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 21–cv–01687–CNS–MDB

JOSE ARROYO,
HEATHER BOEHM,
SAMUEL CORDO, and
AMBER MILLER,

    Plaintiffs,

v.

ALEXANDER HALL,
TIMOTHY HOLCOMB,
DEREK MYERS,
JOSHUA MOORE,
ANDREW PRIVETT,
DUSTIN ROSS, and
CHAD WEISE,

    Defendants.

## ORDER

This matter is before the Court on the "Plaintiffs' Motion to Stay Pending Appeals." (["Motion"], Doc. No. 238.) Defendant Derek Myers has responded in opposition to the Motion, and the remaining Defendants indicate they are not opposed to a stay as to their claims but agree with Defendant Myers that a stay should not issue as to him. (Doc. Nos. 236; 240.) For the following reasons, the Motion is **GRANTED**.

**STATEMENT OF THE CASE**

This case arises out of an allegedly botched mock hostage exercise at Federal Correctional Complex Florence ["FCC Florence"]. (*See generally* Doc. No. 1.) Plaintiffs (FCC Florence personnel who were instructed to treat the exercise as an actual hostage situation) claim that Defendants (members of the Special Operations Response Team who were principally engaged in the training exercise) each contributed to Plaintiffs' physical and mental torment in a manner far outside the reasonable scope of the exercise. (*Id.*) Based on these allegations, Plaintiffs assert *Bivens* claims against all Defendants and state law claims for intentional infliction of emotional distress and civil conspiracy against Defendants Alexander Hall, Timothy Holcomb, Joshua Moore, Andrew Privett, Dustin Ross, and Chad Weise. (Doc. No. 1 at ¶ 100–18.)

On January 14, 2022, the United States filed a "Notice of Substitution of United States as Defendant" ["Westfall Certification"] on Counts II and III—Plaintiffs' state law claims. (Doc No. 59.) However, on August 26, 2022, the Honorable Charlotte N. Sweeney rejected the United States' Westfall Certification, ordering that Defendants Hall, Holcomb, Moore, Privett, Ross, and Weise remain defendants to Counts II and III. (Doc. No. 211.) Defendants Hall, Holcomb, Moore, Privett, Ross, and Weise subsequently filed an interlocutory appeal to the Tenth Circuit Court of Appeals challenging Judge Sweeney's decision. (*See* Doc. Nos. 219; 220; 221.) At the time of this order, those appeals are still pending.

On January 25, 2023, Plaintiff moved to stay the case "pending resolution of Defendants' appeals." (Doc. No 238.) Defendants Hall, Holcomb, Moore, Privett, Ross, and Weise consent to a stay with respect to claims against them. Defendant Myers', who does not have state law claims pending against him and thus did not appeal Judge Sweeney's rejection of the United

States' Westfall Certification, opposes a stay as it relates to him and asks for a ruling on his pending Motion to Dismiss. (Doc. Nos. 240; 77.) All other Defendants indicate they support Defendant Myers' position. (Doc. No. 240 at 1.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this Court, as in this District, a stay of discovery is generally disfavored. *See, e.g.*, *LS3, Inc. v. Cherokee Fed. Sols., LLC*, No. 1:20-cv-03555-PAB-NYW, 2021 WL 4947284, at *2 (D. Colo. Aug. 26, 2021); *Gold, Inc. v. H.I.S. Juveniles, Inc.*, No. 14-cv-02298-RM-KMT, 2015 WL 1650900, at *1 (D. Colo. April 8, 2015); *Rocha v. CCF Admin.*, No. 09-cv-01432-CMA-MEH, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the Court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String

3

*Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010); *see, e.g.*, *Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *3 (D. Colo. Feb. 22, 2016) (observing that a stay may be appropriate pending the resolution of a motion to dismiss impacting immunity or jurisdictional issues).

## ANALYSIS

### I.  Prejudice & Burden

As a threshold matter, the Court notes that the first two *String Cheese* factors have a unique application here. Typically, motions to stay are filed by defendants and opposed by plaintiffs. Therefore, the first two factors consider their relative interests—the prejudice to plaintiff if a stay is granted, and the burden on defendant if a stay were denied. *See, e.g., Morrill v. Stefani*, No. 17-cv-00123-WJM-KMT, 2017 WL 1134767, at *2 (D. Colo. Mar. 13, 2017).

In this case, all parties are in agreement that a stay is appropriate pending a ruling from the Tenth Circuit. (Doc. No. 236 at 2.) However, Defendants believe that Defendant Myers and his claim should be excluded from any such stay. (*Id.*) In light of the unique posture of the case and the arguments, the Court will consider the relative interests of the parties on either side of the pending Motion.

Defendant Myers seems to generally argue that a delay in a decision on his Motion to Dismiss would impose an unnecessary burden on him inherent in any lawsuit stalled and ongoing

4

for an extended period. (*See generally* Doc. No. 240.) In differentiating his position from that of the other Defendants, Defendant Myers claims that the allegations against him are substantively different, and thus his Motion has "no bearing on any ruling on the other Defendants' Motions to Dismiss." (*Id.* at 2; Doc. No. 236 at 5–6 ("The claim brought against Defendant Meyers is far different than the claims brought against the other Defendants …. [T]he claim against Defendant Meyers is for "supervisory liability" under Bivens and its progeny. This is because Defendant Meyers was not present in the administrative building when the alleged assault occurred but rather, [he] was in the command center.").) Defendant Myers asserts that his Motion is ripe for a ruling now and should not be set aside until the appeals are ruled on.

For their part, Plaintiffs note that this is not a standard *String Cheese* analysis, saying, without additional examination, "Plaintiffs will not be prejudiced [by a stay] because they are seeking the stay." (Doc. No. 238 at 3.) However, Plaintiffs do argue that "[t]he motions to dismiss all … arise from the same set of facts" and say that a failure to impose a universal stay will cause "duplicative, piecemeal litigation," which "would be wasteful and inefficient." (Doc. No. 236 at 3.) Plaintiffs thus appear to argue that they would be burdened by potential multi-track litigation should the Court not stay the case as it relates to Defendant Myers.

The Court finds the first two factors cancel each other out, with one weighing in favor of a stay as to all parties and claims, and the other weighing against a stay as to Defendant Myers.

## II.  Court Convenience and Public Interest

The third factor (court convenience) and fifth factor (public interest) are closely linked here. Judicial economy and resources would be wasted if the Court allowed discovery to proceed as to one Defendant, only to later determine that the parties and the Court must retread old

ground after resolution of the matters on appeal. *See generally Lane v. Yohn*, No. 12-CV-02183-MSK-MEH, 2012 WL 4928216, at *3 (D. Colo. Oct. 15, 2012) ("[M]anaging discovery and establishing different deadlines for each defendant presents significant logistical challenges. Additionally, resolving discovery disputes with respect to one but not both of the Defendants increases the likelihood that the Court will be required to duplicate its efforts at a later point in the litigation."). And, while the public has an interest in seeing these types of alleged violations redressed, it also has an interest in the appropriate allocation of judicial resources and the prioritization of matters. This is—in part—why courts should have broad discretion in determining whether to grant a motion to stay.

Defendant Myers argues that the results of the appeal will have "no bearing" on the claims pending against him, but to accept that argument, the Court would need to ignore the practical reality that the allegations against Defendant Myers are tied in sum and substance to the claims against every other Defendant in this case. (Doc. No. 236 at 5.) All claims arise out of the same set of facts and circumstances, and there is no doubt in the Court's mind that the issues that would arise in connection with the adjudication of Defendant Meyer's pending motion—as well as the issues that would arise in connection with any discovery that might need to occur after resolution of that motion—would overlap with issues and discovery that concern the remaining Defendants. Indeed, the Court foresees meaningful duplication of work in considering the exact same facts and issues now with respect to Defendant Myers' arguments, then again after the Tenth Circuit rules. Therefore, the Court finds that the third and fifth *String Cheese* factors weigh heavily in favor of a complete stay as to all Defendants and all claims.

**III.    Third Parties**

The fourth and final factor for the purpose of this analysis concerns the interests of persons not parties to the litigation. Assuming, without predicting, that the pending motion to dismiss could resolve in Plaintiff's favor, the discovery that follows will necessarily impact non-party witnesses who will likely have to be deposed. The burden on them is not insubstantial because preparation and depositions can be time-consuming. *See generally Hay v. Family Tree, Inc.*, No. 16-cv-03143-CMA-KLM, 2017 WL 2459777, at *2 (D. Colo. June 6, 2017) (finding the fourth factor to weigh in favor of a stay, where discovery was likely to "involve significant efforts concerning others who are not parties to th[e] lawsuit"). If parties have to sit for deposition twice because the matter proceeds for Defendant Myers now, and then later for the remaining Defendants, those witnesses will be seriously inconvenienced. The Court therefore finds this factor weighs in favor of a stay.

On this record, then, having weighed the appropriate factors and found that one weighs against a stay, two weigh heavily in favor of a stay, and another also in favor of a stay, the Court, in its discretion, finds a stay is warranted as to all claims and Defendants.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED THAT**:

(1) Plaintiffs' Motion to Stay of Discovery Pending Appeals (Doc. No. 238) is **GRANTED**.

(2) This case is **STAYED** pending the Tenth Circuits' decision on Defendants Hall, Holcomb, Moore, Privett, Ross, and Weise's interlocutory appeal regarding Westfall Certification. (Doc. Nos. 219; 220; 221.)

(3) The parties **SHALL** file a joint status report within ten (10) days of the Tenth Circuits' ruling on the Westfall Certification appeals to apprise the Court of the status of the matter and propose next steps.

(4) The Motion Hearing set for February 13, 2023, at 11:00 AM is **VACATED**.

Dated this 30th day of January, 2023.

                                            **BY THE COURT:**

                                            _____
                                            Maritza Dominguez Braswell
                                            United States Magistrate Judge