IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 21–cv–01687–CNS–MDB

JOSE ARROYO,
HEATHER BOEHM,
SAMUEL CORDO, and
AMBER MILLER,

    Plaintiffs,

v.

ALEXANDER HALL,
TIMOTHY HOLCOMB,
DEREK MYERS,
JOSHUA MOORE,
ANDREW PRIVETT,
DUSTIN ROSS, and
CHAD WEISE,

    Defendants.

## ORDER

This matter is before the Court *sua sponte*. On September 20, 2024, Defendant Privett's counsel, Mr. Elkus and Mr. Lorenz, filed a Motion to Withdraw from the case. (Doc. No. 259 (declining to disclose the basis justifying the withdrawal due to ethical considerations).) Mr. Elkus reiterated his desire to withdraw during an October 21, 2024, Motion Hearing before the Court. (Doc. No. 272.) Defendant Privett personally appeared at the Motion Hearing and explained to the Court that he could not afford to hire new counsel. (*Id.*; *see also* Doc. No. 248 (Defendant Privett's Suggestion of Bankruptcy).) Thus, Mr. Elkus and Mr. Lorenz's withdrawals

will cause Defendant Privett to become a *pro se* litigant. For the reasons set forth below, the Court issues the following order appointing Defendant Privett *pro bono* counsel.

In a civil case, the determination as to whether to appoint counsel is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). A court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Those factors include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the following unrepresented parties are eligible for the appointment of *pro bono* counsel: (1) a party who has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means. D.C.COLO.LAttyR 15(e). In addition to eligibility, the Court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an

attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B).

Defendant Privett is eligible for an appointment of *pro bono* counsel as he as demonstrated limited financial means through his Suggestion of Bankruptcy filing and his representations during the October 21, 2024, Motion Hearing. (Doc. Nos. 248; 272); *see* D.C.COLO.LAttyR 15(e).

Defendant Privett is eligible for an appointment of *pro bono* counsel as he as demonstrated limited financial means through his representations during the October 21, 2024, Motion Hearing. (Doc. Nos. 248; 272); *see* D.C.COLO.LAttyR 15(e). In addition to Defendant Privett's eligibility, the Court finds he is a good candidate for appointment. First, this is a complex case and Defendant Privett could be significantly prejudiced if forced to defend himself. *See* D.C.COLO.LAttyR 15(f)(1)(B)(i); *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (explaining appointment of counsel is appropriate in "extreme case[s] where the lack of counsel results in fundamental unfairness"). Indeed, there are multiple Defendants in this case, each with separate counsel, and Mr. Privett may be meaningfully disadvantaged if no one protects his unique interests. Second, though the Court takes no position on the strength of Plaintiffs' claims or Defendant Privett's defenses, it notes this lawsuit necessarily creates exposure for Defendant Privett, causing the merits factor to weigh in his favor (though only for the purpose of this Order). *See* D.C.COLO.LAttyR 15(f)(1)(B)(ii). Third, as noted, Defendant Privett has demonstrated inability to retain an attorney by other means due to his financial situation. *See* D.C.COLO.LAttyR 15(f)(1)(B)(iii). Finally, the interests of justice will be served by

appointment of counsel. *See* D.C.COLO.LAttyR 15(f)(1)(B)(iv). This case is of a serious nature and justice requires it be decided on its merits rather than on procedural mishaps and shortfalls which could arise if Defendant Privett is forced to represent himself.

Accordingly, it is **ORDERED** that the Clerk shall select, notify, and appoint counsel to represent Defendant Privett in this civil matter. **Defendant Privett is advised that the Clerk will select counsel from the Panel; however, there is no guarantee that Panel members will undertake representation in every case selected as part of the Civil Pro Bono Panel program. The Court cautions Defendant Privett that if he is forced to proceed without counsel, he will nevertheless be responsible for meeting all litigation obligations, including attending all scheduled matters, pursuing and responding to discovery, complying with all court orders, and engaging as necessary with respect to all motions, pretrial proceedings, and trial.**[1]

Dated this 23rd day of October, 2024.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge

---

[1] The Court notes it has yet to rule on Mr. Elkus and Lorenz's withdrawal motion, which is held in abeyance pending a December 3, 2024, Status Conference to review Defendant Privett's representation status and related matters. (Doc. No. 272.) Moreover, the Court notes Defendant Privett was granted an extended stay of his motion to dismiss obligations. (*Id.*)