**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:21-cv-01687-CNS-MDB

JOSE ARROYO,
HEATHER BOEHM,
SAMUEL CORDO and
AMBER MILLER

    Plaintiffs,

v.

BILLY EISCHEN,
CHRISTOPHER FERNANDEZ,
ALEXANDER HALL, MICHAEL HARRIS,
TIMOTHY HOLCOMB,
DEREK MYERS,
JOSHUA MOORE,
ANDREW PRIVETT,
DUSTIN ROSS, and
CHAD WEISE,

    Defendants.

---

**DEFENDANT ANDREW PRIVETT'S MOTION TO DISMISS ALL CLAIMS AGAINST HIM PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Defendant Andrew Privett, by and through undersigned counsel, hereby submit this Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") as follows.

**CERTIFICATION**

Under D.C.COLO.LCivR 7.1(a) counsel on behalf of Mr. Privett, spoke with counsel for Plaintiffs by telephone on January 27, 2025. Plaintiffs oppose this motion.

## INTROUDCTION

Defendant Andrew Privett was not directly involved in the alleged use of force that is the subject of Plaintiffs' Complaint. In Plaintiffs' own words, Mr. Privett was an "observer" and was "visiting FCC Florence that day." Pls.' Compl. ¶¶ 89, 22, ECF No. 1. According to Plaintiffs' allegations, Mr. Privett was a passive observer of the alleged incident and was allegedly "responsible for ensuring that the exercise went as planned." Compl. ¶ 89, ECF No. 1. Plaintiffs fail to allege specific acts by Mr. Privett that could give rise to any plausible claim for relief against him. Mr. Privett, therefore, respectfully moves this Court to dismiss all of Plaintiffs' claims against him pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice.

## ALLEGATIONS AGAINST DEFENDANT PRIVETT

The general nature of this action and the circumstances alleged in the Complaint are undoubtedly familiar to the Court from the numerous motions to dismiss filed by the Defendants, including Mr. Privett's previous motion to dismiss. Def. Privett's Mot. to Dismiss, ECF No. 120. This Motion will focus on the allegations specific to Mr. Privett which are contained in only two paragraphs in the Complaint, i.e., paragraphs 22 and 89. In pertinent part those portions of the Complaint allege as follows:

> Defendants Harris and Privett were officers from other federal prison complexes who were visiting FCC Florence that day in their capacities as regional Tactical Trainers whose role it was to facilitate SORT trainings and certify SORT members.

Compl. ¶ 22, ECF No. 1.

> Additionally, regional SORT Tactical Trainers Michael Harris and Andrew Privett were responsible for facilitating the mock training exercise. Defendant Privett was the Tactical Trainer that served as the Observer for

2

> the exercise; in that role, he was present with the SORT members outside of the cashier's cage and was responsible for ensuring that the exercise went as planned.

Compl. ¶ 89, ECF No. 1.

## STANDARD OF REVIEW UNDER RULE 12(b)(6)

### I. Fed. R. Civ. P. 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a claim for relief for "failure to state a claim upon which relief can be granted." This pleading standard requires allegation of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation and quotation marks omitted).

> Under the *Twombly/Iqbal* pleading standard, courts take a two-prong approach to evaluating the sufficiency of a complaint. The first prong of the test requires the court to identify which pleadings are not entitled to the assumption of truth. This includes legal conclusions as well as threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. The second prong of the test requires the court to assume the veracity of the well-pleaded factual allegations and then determine whether they plausibly give rise to an entitlement to relief. Accordingly, in examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.

*Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (brackets, quotation marks, and citations omitted).

## ARGUMENT

Plaintiffs' Complaint asserts the following causes of action against Mr. Privett: (1) "Excessive force in violation of Fourth Amendment (*Bivens*);" (2) "Intentional infliction of emotional distress;" and (3) "Civil conspiracy." For the reasons explained below, these claims should be dismissed.

### I. All of Plaintiffs' claims against Mr. Privett are barred by the statute of limitations.

All of Plaintiffs' claims, including the *Bivens* claim, are barred by Colorado's one-year statute of limitations pertaining to law enforcement authorities, C.R.S. § 13-80-103. *See Van Tu v. Koster*, 364 F.3d 1196, 1198 (10th Cir. 2004) (applying Utah law) (holding *Bivens* actions are a judicially created remedy without their own statute of limitations and "generally borrow the general personal injury limitations statute in the state where the action arose") (citation omitted).[1] The incident giving rise to Plaintiffs' causes of action occurred on June 20, 2019, and Plaintiffs filed this complaint on June 18, 2021. Compl. ¶ 20, ECF No. 1. This is a period of more than one year.

For the purposes of this Motion to Dismiss, and in the interests of judicial economy, Mr. Privett incorporates by reference arguments made by Defendants Ross, Weise, and Holcomb in their Motion to Dismiss as they pertain to the statute of limitations issue. Defs. Ross, Weise, & Holcomb's Mot. to Dismiss 11-13, ECF No. 276. As noted in the

---

[1] Colorado's general personal injury statute, C.R.S. § 13-80-102, provides a two-year statute of limitations. However, because this *Bivens* action involves a law enforcement officer, Colorado's one-year statute of limitations applies. *See Jenkins v. Panama Canal Ry. Co.*, 208 P.3d 238, 241-42 (Colo. 2009) (holding a specific statute controls over a general one).

4

aforementioned Motion, the affirmative defense of a statute of limitations may be resolved on a Rule 12(b) motion. *Radloff-Francis v. Wyoming Medical Center, Inc.*, 524 Fed. Appx. 411, 412-13 (10th Cir. 2013) (holding a statute of limitations defense may be resolved on a Rule 12(b)(6) motion "when the dates given in the complaint make clear that the right sued upon has been extinguished") (citation and internal quotation marks omitted); *see also* Defs. Ross, Weise, & Holcomb's Mot. to Dismiss 11, ECF No. 276.

As relevant to Mr. Privett, under C.R.S. §13–80–103(1)(c), a statute of limitations of one year applies to all law enforcement authorities. Defs. Ross, Weise, & Holcomb's Mot. to Dismiss 11-12, ECF No. 276. Specifically, the plain language of the statute states, in pertinent part, as follows:

> (1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within one year after the cause of action accrues, and not thereafter:
>
>           \*          \*          \*
>
> (c) all actions against sheriffs, coroners, police officers, firefighters, national guardsman, or <u>any other law enforcement authority</u>."

C.R.S. § 13-80-103(1)(c) (emphasis added).

The Colorado Supreme Court has held that a person's power to effectuate an arrest necessarily signifies law enforcement authority, while also recognizing that the power to arrest is not the exclusive manner of qualifying as a law enforcement authority. *Delta Sales Yard v. Patten*, 892 P.2d 297, 300-01 (Colo. 1995); *see also Garcia v. Harms*, 410 P.3d 561, 566 (Colo. App. 2014) (holding the executive director, wardens, and

5

corrections officers with the Colorado Department of Corrections qualify as "law enforcement authorities" for purposes of the statute of limitations).

Mr. Privett is an employee of the Bureau of Prisons ("BOP"). Compl. ¶¶ 13, ECF No. 1. BOP employees have statutory arrest authority off of BOP property under 18 U.S.C. § 3050, and qualify as "any other law enforcement authority." *See* C.R.S. § 13-80-103(1)(c); *see also Delta Sales Yard*, 892 P.2d at 300-01. Therefore, Mr. Privett, as an employee of the BOP, qualifies as a law enforcement authority.

Additionally, the Colorado Supreme Court has held that for the limitations statute to apply the official's actions must be done in the actor's official capacity and under the color of his office. *Bailey v. Clausen*, 557 P.2d 1207, 1210-11 (Colo. 1976). The Colorado Supreme Court recognizes three possible scenarios in this context: "(1) conduct which is lawful and not-actionable because [it is] entirely within the official's authority; (2) unlawful conduct, actionable, but sufficiently close to being 'official' so that suit is barred if not brought within one year; and (3) unlawful conduct, so far from being 'official' that, for purposes of limitations, it is treated like that of an ordinary, non-official person." *Id.* (citation and internal quotation marks omitted).

The extent of Plaintiffs allegations against Mr. Privett are that he was one of the officers visiting Florence whose role generally included facilitating SORT trainings, certifying SORT members, observing the training exercise and, in his capacity as an official observer, ensuring the exercise went as planned. Compl. ¶¶ 22, 89 ECF No. 1. Critically, Plaintiffs have not alleged that Mr. Privett was involved in any alleged physical altercations, used any force against any of the Plaintiffs, or ordered the use of any force

6

against Plaintiffs. *See* Compl. ¶¶ 22, 89, ECF No.1. As a result, Mr. Privett's alleged conduct as an observer was either lawful, non-actionable conduct or, at most, unlawful conduct sufficiently close to being 'official' so that suit should have been brought against him within one year. There are simply no allegations against Mr. Privett that, as a matter of law, can reasonably be construed to rise to the level of conduct so far outside of his official authority that his actions should be treated as unofficial. *See* Compl. ¶¶ 22, 89, ECF No.1. Therefore, the claims against Mr. Privett should have been brought within one year of the incident. Because they were not, the claims against Mr. Privett are properly dismissed with prejudice under C.R.S. § 13-80-103(c).

### II.   Count I (*Bivens*) is not a proper claim in this action.

The Court has already been provided with extensive briefing on the *Bivens* issue in other motions to dismiss. In the interest of judicial economy, Mr. Privett incorporates by reference several arguments from these motions in the rest of this section.

*A. There is no existing remedy for the Plaintiffs under Bivens and a new species of Bivens claim should not be created.*

The first step in analyzing a purported *Bivens* claim is determining "whether the claim arises in a new *Bivens* context, *i.e.*, whether the case is different in a meaningful way from previous *Bivens* cases decided by this Court." *Ziglar v. Abbasi*, 582 U.S. 120, 147 (2017) (citation and internal quotation marks omitted). As noted in other motions, this situation bears no similarity to prior *Bivens* cases. Def. Privett's Mot. to Dismiss 4-5, ECF No. 120; Def. Myers' Mot. to Dismiss 7, ECF No. 261; Defs. Hall & Moore's Mot. to Dismiss 5, ECF No. 274.

7

When, as here, a purported *Bivens* claim is asserted in a new context, the second step in the analysis is determining whether there are "special factors" that justify hesitating to create a new *Bivens* claim. *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020). As discussed in other Motions, the special factors do not apply here because Congress has provided adequate additional remedies for plaintiffs to take advantage of, including the Federal Employees Compensation Act ("FECA"), 5 U.S.C. §§ 8101-93 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Pt. VI, Ch. 171. Def. Privett's Mot. to Dismiss 5, ECF No. 120; Defs. Hall & Moore's Mot. to Dismiss 10-11, ECF No. 274. Even if the FECA and FTCA did not exist as alternative remedies, Courts are ill-suited to define the parameters of training exercises in the prison environment like the one at issue here. Def. Privett's Mot. to Dismiss 5-6, ECF No. 120; Defs. Hall & Moore's Mot. to Dismiss 10, ECF No. 274.

   B. *Even if a Bivens claim could be asserted, Plaintiffs have failed to allege a viable claim under the Twombly/Iqbal standard.*

Assuming for the sake of argument that a *Bivens* claim exists here, Plaintiffs fail to allege facts justifying such a claim against Mr. Privett. In claims against "government actors sued in their individual capacities" it is particularly important "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250, 1249 (10th Cir. 2008) (emphasis in original). Plaintiffs' purported *Bivens* claim is based on the alleged use of physical force against them. Compl. ¶ 103, ECF No. 1; *see also* Compl. ¶¶ 104-09, ECF No. 1. According to Plaintiffs' own allegations within the complaint, however, Mr. Privett did not use any force against the Plaintiffs. Thus, Plaintiffs fail to assert a claim under the *Twombly/Iqbal* standard.

8

Even assuming for the sake of argument that Plaintiffs can overcome the fact that they have not alleged any use of force by Mr. Privett, there has been no seizure, as that term is used in the Fourth Amendment context, of the Plaintiffs by Mr. Privett. "A seizure requires the use of force *with intent to restrain*. Accidental force will not qualify. Nor will force intentionally applied for some other purpose satisfy this rule." *Torres v. Madrid*, 592 U.S. 306, 317 (2021) (emphasis in original, citation omitted). Plaintiffs have failed to allege that Mr. Privett used any force, let alone that he used force with the intent to restrain and, instead, have alleged that he was an observer. *See* Compl. ¶¶ 22, 89, ECF No. 1.

Finally, Plaintiffs' *Bivens* claim is based entirely on the alleged use of force against them, and they do not make any claims or allegations based on supervisory or vicarious liability. *See* Compl. ¶¶ 100-109, ECF No. 1. Even if the Court were to construe the purported *Bivens* claim against Mr. Privett as one based on supervisory liability, the claim would fail. The required elements to support a claim of supervisory liability under *Bivens* are: "'(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the constitutional deprivation.'" *Watson v. Hollingsworth*, 741 Fed. Appx. 545, 551 (10th Cir. 2018) (unpublished) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010)). Plaintiffs have failed to allege any facts that would establish any of the elements of supervisory liability under *Bivens*. Moreover, "vicarious liability is inapplicable to *Bivens* and § 1983 suits," and, therefore, "a plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution."

9

*Iqbal*, 556 U.S. at 676 (emphasis added). Plaintiffs have failed to allege any plausible *Bivens* claim against Mr. Privett based on Mr. Privett's "own individual actions."

    C. *Mr. Privett is entitled to qualified immunity*

Assuming for the sake of argument that the Court finds a *Bivens* claim exists, Mr. Privett is protected by qualified immunity. This issue has already been extensively briefed by Mr. Privett and other defendants, and Mr. Privett adopts those arguments here. *See* Def. Privett's Mot. to Dismiss 9-10, ECF No. 120; Defs. Hall & Moore's Mot. to Dismiss 11-14, ECF No. 274; Defs. Ross, Weise, & Holcomb's Mot. to Dismiss 9-11, ECF No. 276; Def. Myers' Mot. to Dismiss 6, ECF No. 261. In sum, Mr. Privett is entitled to qualified immunity because the plaintiffs have failed to show (1) that Mr. Privett's actions violated a federal constitutional or statutory right, and (2) that the right was clearly established at the time of Mr. Privett's allegedly unlawful conduct. *See Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016) (citation omitted).

**III.  Plaintiffs have failed to allege sufficient facts to support Count II "Intentional Infliction of Emotional Distress" and Count III "Civil Conspiracy."**

    A. *Plaintiffs have failed to allege outrageous conduct by Mr. Privett.*

The elements of intentional infliction of emotional distress (also referred to as "outrageous conduct") under Colorado law are: "(1) the defendant engaged in extreme and outrageous conduct, (2) recklessly or with the intent of causing the plaintiff severe emotional distress, and (3) causing the plaintiff severe emotional distress." *Green v. Qwest Servs. Corp.*, 155 P.3d 383, 385 (Colo. App. 2006) (citation omitted). Before a plaintiff is allowed to present a claim for outrageous conduct, the Court must rule on whether the plaintiff has alleged conduct that is outrageous as a matter of law. *Id.*

10

As it pertains to Mr. Privett, the Complaint merely alleges that Mr. Privett was one of the officers visiting that day whose role generally included facilitating SORT trainings and certifying SORT members. Compl. ¶ 22, ECF No. 1. The only other allegations specific to Mr. Privett are that he was one of two officers "responsible for facilitating the mock training exercise," that he served as an observer for the exercise, that he was merely present somewhere outside the cashier's cage, and that he was responsible in some capacity for ensuring the exercise went as planned. Compl. ¶ 89, ECF No. 1. Nowhere is there any other allegation about Mr. Privett beyond the sort of generalities and conclusory statements that are insufficient under the *Twombly/Iqbal* standard.

Plaintiffs' specific allegations about Mr. Privett, therefore, only establish that he was visiting the facility and acted as a passive observer, which does not establish that Mr. Privett acted with extreme and outrageous conduct as a matter of law or that he intended to cause severe emotional distress. Importantly, Plaintiffs do not allege that Mr. Privett directly participated in any of the alleged events inside the cashier's cage, that Mr. Privett is vicariously liable for the actions of the other defendants, or that he directed any of the alleged events inside the cashier's cage. As a result, Plaintiffs fail to allege the necessary elements of this claim against Mr. Privett.

B. *Plaintiffs failed to allege that Mr. Privett conspired to commit an unlawful act.*

Under Colorado law, the elements of a civil conspiracy claim are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) damages as to the proximate result." *Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995) (citation omitted). Moreover, courts "will

11

not infer the agreement necessary to form a conspiracy; evidence of such an agreement must be presented by the plaintiff." *Id.* (citation omitted). The Complaint utterly fails to allege facts that could satisfy these elements as to Mr. Privett under the *Twombly/Iqbal* standard.

As noted above, Plaintiffs' Complaint merely alleges that Mr. Privett was a SORT tactical trainer who was visiting Florence and that he was one of the individuals responsible for facilitating the mock training exercise. Compl. ¶¶ 22, 89, ECF No. 1. Plaintiffs fail to allege that Mr. Privett conspired with anyone to form an agreement to perform an unlawful overt act. Mr. Privett merely planned a training exercise that is necessary for prisons such as Florence to "maintain [their] BOP certification and ensure that . . . employees at . . . Florence are prepared to safely respond to prison disturbances." Compl. ¶ 21, ECF No. 1; *see Elway*, 908 P.2d at 106 ("A party may not be held liable for doing in a proper manner that which it had a lawful right to do.") (citation omitted). By Plaintiffs' own admission, the planning and administering of the training exercise was both required and necessary to ensure their own safety. Therefore, the threadbare allegations about Mr. Privett cannot plausibly trigger the elements of a civil conspiracy claim.

## CONCLUSION

For all the reasons set forth above, Mr. Privett respectfully moves the Court to dismiss all claims against him pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice.

12

Respectfully submitted this 28th day of January, 2025.

*s/ Perry L. Glantz*
Perry L. Glantz
Alex J. Gunning
**STINSON LLP**
1144 Fifteenth Street, Suite 2400
Denver, CO 80202
Phone: 303.376.8405
Email: perry.glantz@stinson.com
Email: alex.gunning@stinson.com

*Attorneys for Defendant Andrew Privett*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 28, 2025 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

*s/ Perry L. Glantz.*
Perry L. Glantz

CORE/3532760.0002/195639233.2