IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01687-CNS-MDB

JOSE ARROYO,
HEATHER BOEHM,
SAMUEL CORDO, and
AMBER MILLER,

    Plaintiffs,

v.

ALEXANDER HALL,
TIMOTHY HOLCOMB,
DEREK MYERS,
JOSHUA MOORE,
ANDREW PRIVETT,
DUSTIN ROSS, and
CHAD WEISE,

    Defendants.

_____

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT PRIVETT'S MOTION TO DISMISS (ECF NO. 308)**
_____

TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1
FACTUAL ALLEGATIONS & PROCEDURAL HISTORY.................................................. 1
LEGAL STANDARD ........................................................................................................ 2
ARGUMENT AND AUTHORITIES .................................................................................. 2
    I.    Plaintiffs Have Alleged Enough Facts Regarding Privett ........................................ 3
    II.    Privett Has Waived a Statute of Limitations Defense, But, Regardless, No Statute of Limitations Bars Plaintiffs' Claims ........................................................................ 4
    III.    Plaintiffs Have Alleged a Viable *Bivens* Claim .......................................................... 5
        A.    This Case Is Not a New *Bivens* Context ............................................................. 5
        B.    Even If This Case Were a New Context, There are No Special Factors ........... 6
        C.    Plaintiffs Have Met the Pleading Standard for Their *Bivens* Claim Against Privett ............................................................................................................... 8
    IV.    Privett Is Not Entitled to Qualified Immunity from the *Bivens* Claim ..................... 9
        A.    Plaintiffs Plausibly Allege They Were Seized ..................................................... 10
        B.    Defendants' Seizure of Plaintiffs Was Unreasonable ........................................ 10
        C.    Plaintiffs' Rights Were Clearly Established ....................................................... 11
    V.    Plaintiffs State Law Claims Should Proceed ........................................................ 12
CONCLUSION .............................................................................................................. 13

Plaintiffs Arroyo, Boehm, Cordo, and Miller hereby respond to Defendant Privett's Motion to Dismiss ("Motion" or "Mot.") (ECF 308).

## INTRODUCTION

Privett's Motion should be denied. Plaintiffs have easily alleged enough facts to establish their state tort claims for IIED and civil conspiracy and federal *Bivens* claim at the pleading stage. The statute of limitations does not apply because Privett waived this issue by failing to raise it in their original motion to dismiss, but also because the 1-year limitations period they rely on does not apply to claims against federal correctional officers. Privett's requests for the Court to decline a Bivens remedy and/or extend qualified immunity **as a matter of law** are similarly misguided and in any event overly ambitious at the pleading stage, especially in this case where the Court has **already found, and the Tenth Circuit has already affirmed**, that Defendants' attack on Plaintiffs was outside the scope of their employment and in gross violation of BOP policies. The gravity of those findings alone supports allowing this case to clear the pleading stage and be decided on a full record.

## FACTUAL ALLEGATIONS & PROCEDURAL HISTORY

Given the multiple motions to dismiss and responses now before the Court, Plaintiffs will refrain from continuing to recite the relevant allegations of the Complaint and procedural history in this matter—and instead respectfully refers the Court to Plaintiffs' response to Defendant Myers's renewed Motion to Dismiss (ECF 283) for a summary of key factual allegations and procedural background. *See also* ECF 173; ECF 286-87. Plaintiffs further note that this Court has made its own factual findings, which were

1

affirmed by the Tenth Circuit, and which largely track the allegations in Plaintiff's Complaint. *See* ECF 211, 213.

## LEGAL STANDARD

Granting a motion to dismiss is a "harsh remedy" to be exercised with caution and "to effectuate the spirit of the liberal rules of pleading" and "protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). In considering a motion to dismiss, a court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Mondragon v. Nostrak LLC*, 2020 WL 6730922, *1 (D. Colo. May 14, 2020). A complaint does not have to set forth a prima facie case for each element, *Sylvia v. Wisler*, 875 F.3d 1307, 1326 (10th Cir. 2017), but instead need only contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[S]o long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard." *Affordify, Inc. v. Medac, Inc.*, 2019 WL 7756063, *2 (D. Colo. Dec. 26, 2019).

## ARGUMENT AND AUTHORITIES

Plaintiffs' state law claims are not barred by any statute of limitations, FECA, or qualified immunity. As to the Plaintiffs' constitutional claim, this case is a quintessential *Bivens* context and presents no special factors. Defendants are not entitled to qualified immunity, as Plaintiffs have alleged a violation of clearly established rights. Thus, Defendants' motion should be denied.

## I.     Plaintiffs Have Alleged Enough Facts Regarding Privett

Throughout the Motion, Privett argues that Plaintiffs' claims should be dismissed because Plaintiffs did not allege that he directly engaged in or exercised the excessive force at issue. Mot. 6-7, 9, 10-12. But "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [a court should] presume that the general allegations embrace those specific facts that are necessary to support the claim." *Gilbert v. Shalala*, 828 F. Supp. 815, 817 (D. Colo. 1993) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)) (internal quotation marks omitted). Plaintiffs alleged that Privet facilitated the exercise that gave rise to the excessive force, but did nothing to stop the attack despite his presence at the cashier's cage. ECF 1 ¶ 89. Plaintiffs' further allege that Privett was responsible for ensuring the exercise "went as planned," *id.*, which obviously did not happen. The scope of his precise role in the incident will be investigated in discovery. In the meantime, Plaintiffs have alleged enough at the pleading stage, where the Court must make all reasonable inferences in Plaintiffs' favor. It is reasonable to infer that Privett acquiesced or contributed to the excessive force caused by the exercise that he was responsible for.

Furthermore, as the Complaint described, the attack was a fast-moving, chaotic situation where Plaintiffs were assaulted by a group of SORT officers, including Privett. As a result, the Complaint does not purport to be a full accounting of the Defendants' actions before and during the assault, but rather Plaintiffs' best attempt at beginning to piece together what happened while under extreme duress. Furthermore, Plaintiffs were locked in the cashier's cage with little to no visibility in the lead up to the attack, so had

3

limited ability to ascertain which Defendants were responsible for which actions. *See, e.g.*, ECF 1 ¶¶ 35, 43, 49-50, 64. A full accounting of Defendants' actions during the assault (including Privett's) can only be accomplished through discovery. In the meantime, Plaintiffs have certainly pled a right to relief against Privett "above the speculative level." *Affordify, Inc. v. Medac, Inc.*, 2019 WL 7756063, *2 (D. Colo. Dec. 26, 2019); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II. Privett Has Waived a Statute of Limitations Defense, But, Regardless, No Statute of Limitations Bars Plaintiffs' Claims

Privett did not assert a statute of limitations defense in his original motion to dismiss (ECF 120) and has thus waived the argument. *See* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

Regardless, Plaintiffs' tort law claims are not barred by a statute of limitations, Colo. Rev. Stat. § 13-80-103(1)(c). Mot. 4-7. That statute applies only to claims asserted against a variety of state actors and "other law enforcement authority," which does not include **federal** corrections officers or BOP employees. Colorado courts have interpreted "other law enforcement authority" to encompass "peace officers," *see Delta Sales Yard v. Patten*, 892 P.2d 297, 300 (Colo. 1995); C.R.S. § 16-2.5-101(3), which by statutory definition includes **state**, but not **federal**, corrections officers. *See* C.R.S. § 16-2.5-135. Peace officers "at a minimum, ha[ve] the **authority to enforce all laws of the state of Colorado** while acting within the scope of his or her authority and in the performance of his or her duties." C.R.S. § 16-2.5-101(1) (emphasis added). **Federal** corrections officers

4

are not authorized to enforce Colorado law and are thus not "peace officers." Privett's argument that Privett is "law enforcement authority" fails to appreciate the difference between state and federal corrections officers and ignores basic principles of federalism. *See, e.g., State v. Hoinville*, 553 P.2d 777, 780 (Colo. 1976) (en banc) ("[U]nder our dual system of government, it is state law and not federal law that governs the legality of a state arrest . . . ."). It is further telling that Defendants cite no caselaw finding that federal corrections officers are considered law enforcement authorities for the purposes of C.R.S. § 13-80-103(1)(c).

### III. Plaintiffs Have Alleged a Viable *Bivens* Claim

Over fifty years ago, the Supreme Court established that an individual may seek damages from a federal officer for a violation of the Fourth Amendment's prohibition on unreasonable search and seizure, including excessive force. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971); *see Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1195 (10th Cir. 2001).

The Supreme Court has provided a framework to determine whether to recognize a *Bivens* claim. *See Ziglar v. Abbasi*, 582 U.S. 120, 130-40 (2017). First, a court must determine if the claim arises in a "new context." *Id.* at 139-40. If it does, the second step looks to whether "special factors" "counsel[] hesitation" in recognizing a *Bivens* claim. *Id.* at 136. The Tenth Circuit "has allowed *Bivens* claims in a variety of factual scenarios." *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 860 (10th Cir. 2016).

#### A. This Case Is Not a New *Bivens* Context

A *Bivens* claim arises in a new context only where the case differs "in a meaningful

way" from prior *Bivens* case, which may include the officers' rank, the constitutional right at issue, or separation of powers concerns. *Abassi*, 582 U.S. at 139-40. A *Bivens* action is however particularly appropriate where it targets an "individual instance[]" of "law enforcement overreach" that, by its nature, would be "difficult to address except by way of damages actions after the fact." *Id.* at 144.

Referencing his co-defendants' briefing, Privett contends this case presents a new context because it concerns a constitutional violation by fellow federal employees during a training exercise. Mot. 7. Not so. The facts seized on by the Defendants are "so trivial" that they do not constitute a new context. *Abassi*, 582 U.S. at 149. That the parties are federal employees does not mean Plaintiffs' claim arises in a new context: "Fourth Amendment *Bivens* causes of action have been **routinely** applied to the conduct of federal officials **in a variety of contexts**, including ATF agents, federal marshals and FBI agents, and IRS special agents." *Big Cats*, 843 F.3d at 864 (emphasis added). Courts have also sustained *Bivens* claims asserted by one federal employee against another. *E.g.*, *Gustafson v. Adkins*, 803 F.3d 883, 886-87, 892 (7th Cir. 2019) (allowing Fourth Amendment claim by coworker). This case does not present a new *Bivens* context. *See also* ECF 283, 5-7.

### B. Even If This Case Were a New Context, There are No Special Factors

Even if the Court finds Plaintiffs' claim arises in a new context, there are no special factors counseling the Court to reject it, particularly at the pleading stage. The focus of the special-factors inquiry is whether the judiciary is "well suited" to "weigh the costs and benefits of allowing a damages action to proceed" based on the facts of each case.

6

*Abbasi*, 582 U.S. at 136. The Supreme Court has found special factors in situations where Congress is particularly guarded with its authority, such as claims by military personnel, *United States v. Stanley*, 483 U.S. 669, 681, 683-84 (1987), or claims impacting national or border security. *Abassi*, 582 U.S. at 137, 141; *Egbert v. Boule*, 596 U.S. 482, 494 (2022). This case does not concern such intrusions. *See Mohamed v. Jones*, 20-CV-02516, 2022 WL 523440, *16 (D. Colo. Feb. 22, 2022); *see also* ECF 283 § II.A.

The FTCA or FECA are not alternate remedies for Plaintiffs' Bivens claim. Mot. 8. The Supreme Court has repeatedly found that the availability of the FTCA does not preclude a plaintiff from seeking a Bivens remedy. *See Carlson v. Green*, 446 U.S. 14, 19-23 (1980) (finding it "crystal clear" that Congress intended the FTCA and Bivens to serve as "parallel" and "complementary" sources of liability); *see also Wilkie v. Robbins*, 551 U.S. 537, 553, 555 (2007). Congress also explicitly contemplated that the FTCA "should be viewed as a counterpart to . . . *Bivens*." S. Rep. No. 93-588, at 3 (1973); *see also* H.R. Rep. No. 100-700, at 6 (1988) (Westfall Act is not supposed to "affect the ability of victims of constitutional torts to seek personal redress from Federal employees who allegedly violate their Constitutional rights").

The FECA similarly does not preclude Plaintiffs' Bivens claim. FECA provides the exclusive remedy against the United States to compensate a federal employee for a work-related injury. 5 U.S.C. §§ 8102(a), 8116(c). The statute, however, explicitly accounts for the right of a federal employee to sue, and recover from, parties other than the United States. 5 U.S.C. § 8132. Congress intended FECA to be a compliment to a federal employees' other avenues of redress, including Bivens. Several courts of appeals have

7

found that FECA does not preclude Bivens claims for workplace-related constitutional violations, even where defendants are federal employees. *See, e.g.*, *Gustafson v. Adkins*, 803 F.3d 883, 890 (7th Cir. 2015); *Salazar v. Ballesteros*, 17 F. App'x 129, 130-31 (4th Cir. 2001).

### C. Plaintiffs Have Met the Pleading Standard for Their *Bivens* Claim Against Privett

Plaintiffs' allegations toward Privett are sufficient to meet the pleading standard for the *Bivens* claim. Privett is incorrect that Plaintiffs' complaint affirmatively alleges that Privett "did not use any force against the Plaintiffs." Mot. 8-9. Plaintiffs' Complaint alleges that Privett was present at the cashier's cage with the other members of SORT during the attack. *See* ECF 1 ¶ 89.

In addition, Plaintiffs have plausibly alleged supervisory liability as to Privett. Government officials may be held responsible for constitutional violations under a supervisory liability theory by pleading: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013).

First, Plaintiffs allege that Privett had the requisite authority over policies necessarily incidental to the violation of their Fourth Amendment rights. A SORT Tactical Training, Privett was responsible for facilitating the training exercise and ensuring the exercise ran properly. ECF 1 ¶ 89. Second, Plaintiffs sufficiently pled that these policies—*i.e.,* the botched training exercise—caused the violation of Plaintiffs' rights. And finally,

8

Plaintiffs plausibly alleged Privett's state of mind. Here, Privett displayed, at minimum, deliberate indifference to Plaintiffs' situation. He was at the cashier's cage during the attack. *Id.* At no time in the lead up to or during the attack—when Defendants fired OC spray and simunition rounds into the cashier's cage and at Plaintiffs, when Plaintiffs' repeatedly shouted that they were out of role and pleaded for Defendants to stop, nor when Defendants assaulted Plaintiffs' after the cage was opened—did Privett intervene. At minimum, Privett took no action to stop the assault despite his role as supervisor and his presence at the cashier's cage. That is enough at this stage of the proceedings. *See, e.g.*, *Hill v. Matevousian*, 2023 WL 2018901, *7 (D. Colo. Feb. 15, 2023) (Dominguez Braswell, M.J.) (allowing Eighth Amendment deliberate indifference claims to proceed where it was alleged defendant prison officials failed to provide medical treatment after watching assault on plaintiff inmate who pleaded that they were injured), *R. & R. aff'd & adopted*, 2023 WL 2446218 (D. Colo. Mar. 10, 2023) (Sweeney, J.).

### IV.   Privett Is Not Entitled to Qualified Immunity from the *Bivens* Claim

Plaintiffs have alleged more than enough facts to overcome qualified immunity at the pleading stage, even as to the *Bivens* claim. "To survive a motion to dismiss based on qualified immunity, the plaintiff must allege sufficient facts that show—when taken as true—the defendant plausibly violated his constitutional rights, which were clearly established at the time of violation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012). "To state a claim of excessive force under the Fourth Amendment, a plaintiff must show both that a seizure occurred and that the seizure was unreasonable." *Bella v. Chamberlain*, 24 F.3d 1251, 1255 (10th Cir. 1994). Here, Plaintiffs have plausibly alleged

9

that Privett's conduct violated their clearly established Fourth Amendment rights.

### A. Plaintiffs Plausibly Allege They Were Seized

A "seizure" triggering the Fourth Amendment's protections occurs when government actors have, "by means of physical force or show of authority, . . . in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968). "The test for a show of authority is an objective test: whether the officer's words and actions would have conveyed . . . to a reasonable person that she was being ordered to restrict her movement." *Wilson v. Jara*, 512 F. App'x 841, 846 (10th Cir. 2013).

Here, Defendants' repeated threats to Plaintiffs were explicit orders restricting Plaintiffs' movement. *See Wilson*, 512 F. App'x at 846 ("A seizure may occur even if a person does not attempt to leave where an officer threatens or uses language or a tone of voice ordering the person to comply with the officer's request."). Defendants' violent attack on Plaintiffs in an enclosed space further constrained Plaintiffs. As to Privett, his presence at the cashier's cage during the attack plausibly shows his involvement, at least in these early stages in the proceeding. Because Defendants' conduct terminated Plaintiffs' freedom of movement "through means intentionally applied," Plaintiffs have plausibly alleged that they were seized.

### B. Defendants' Seizure of Plaintiffs Was Unreasonable

Plaintiffs have also plausibly alleged that Defendants' conduct in effectuating the seizure was unreasonable. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against

the countervailing governmental interests at stake." *Serrano v. United States*, 766 F. App'x 561, 565 (10th Cir. 2019). The inquiry focuses on whether the officers' actions are "objectively reasonable" in light of the facts and circumstances. *Fisher v. City of Las Cruces*, 584 F.3d 888, 894 (10th Cir. 2009). "Physical contact is not required for an excessive force claim—patently unreasonable conduct is." *Cortez v. McCauley*, 478 F.3d 1108, 1131 (10th Cir. 2007). Here, the conduct was not only patently unreasonable—because all Defendants were flagrantly violating BOP policies—but several of the Defendants used physical force against Plaintiffs, unarmed, civil servants, who **were** following BOP policies.

### C. Plaintiffs' Rights Were Clearly Established

As of at least 2019, it was (and still is) blatantly obvious that violently assaulting your coworkers, without provocation or authorization, violates a constitutional right. "For a constitutional right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). A plaintiff need not provide a case that is factually identical to his if the constitutional violation is "obviously egregious . . . in light of prevailing constitutional principles." *Holmes*, 830 F.3d at 1135-36. This is particularly true for claims of excessive force, which require "an all-things-considered inquiry" such that "there will almost never be a previously published opinion involving exactly the same circumstances." *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007). "The more obviously egregious" a defendant's conduct is, "the less specificity is required from prior case law to clearly establish the violation." *Pierce v.*

11

*Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004).

Defendants' conduct in this case was obviously and particularly egregious in light of prevailing Fourth Amendment principles. There are numerous examples in this Circuit where the use of less-than-lethal munitions or OC spray has often been found to constitute excessive force when the victim posed no threat to the officer.[1] Plaintiffs in this case posed no threat to anyone, let alone Defendants. Any reasonable officer would know that shooting, pepper spraying, and assaulting unarmed coworkers would violate clearly established rights. Privett should not be afforded immunity.

## V.   Plaintiffs State Law Claims Should Proceed

None of Privett's arguments warrant dismissal of Plaintiffs' state tort claims for intentional infliction of emotional distress and civil conspiracy. ECF 1 ¶¶ 110-18. As discussed above, Privett's presence at the cashier's cage during the attack and his role as an organizer of the training exercise are sufficient at this stage to show his involvement in the patently outrageous attack on Plaintiffs. Mot. 10-11. As to the elements of the state law tort claims, Plaintiffs addressed the sufficiency of the pleadings in their response to Defendants Ross, Weise, and Holcomb's motion to dismiss. *See* ECF 287 § I. The sufficiency of the pleadings specifically as to Privett is discussed above in Section I.

---

[1] *See, e.g., Martinez v. N.M. Dep't of Pub. Safety*, 47 F. App'x 513, 515-17 (10th Cir. 2002) (finding excessive force where officer used mace on person who "posed no threat"/"was no risk of flight"); *Fogarty v. Gallegos*, 523 F.3d 1147, 1160–61 (10th Cir. 2008) (same where officers shot unarmed protestor with rifle-fired projectile, grabbed and thrusted him to the ground, and "forcibly escorted him through a cloud of tear gas"); *McCowan v. Morales*, 945 F.3d 1276, 1283 (10th Cir. 2019) ("gratuitous use of force against … a fully compliant and subdued misdemeanant arrestee … who posed no threat to anyone … would be unreasonable and clearly in violation of the Fourth Amendment").

12

Privett's arguments regarding his participation in the alleged civil conspiracy lack merit. Mot. 11-12. Plaintiffs' do not allege that the training exercise itself was the subject of the civil conspiracy, but rather the attack that resulted from it, in which Privett was plausibly involved. At this stage, it is sufficient that Plaintiffs' have pled that Privett was responsible for the training exercise and present at the cashier's cage and complicit during the attack. The full extent of his involvement can only be ascertained through discovery.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Privett's Motion.

Dated: February 18, 2025                                Respectfully submitted,

                                                   By:   */r/ Rachel Ryan*
                                                     Ed Aro
                                                     Rachel Ryan
                                                     Kristen Proe Kendall
                                                   ARNOLD & PORTER KAYE SCHOLER LLP
                                                   1144 Fifteenth Street, Suite 3100
                                                   Denver, Colorado 80202-2569
                                                   (303) 863-1000
                                                   Ed.Aro@arnoldporter.com
                                                   Rachel.Ryan@arnoldporter.com
                                                   Kristen.Kendall@arnoldporter.com

                                                   Andrew D. Bergman
                                                   ARNOLD & PORTER KAYE SCHOLER LLP
                                                   700 Louisiana Street, Suite 4000
                                                   Houston, Texas 77002–2755
                                                   (713) 576-2430
                                                   Andrew.Bergman@arnoldporter.com

## CERTIFICATE OF SERVICE

I hereby certify that, on February 18, 2025, I served the foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT PRIVETT'S MOTION TO DISMISS (ECF NO. 308)** via ECF on all counsel of record authorized to receive such notices.

Dated: February 18, 2025

*/r/ Rachel Ryan*
Rachel Ryan
Arnold & Porter Kaye Scholer LLP
1144 Fifteenth Street, Suite 3100
Denver, CO 80202-2569
(303) 863-1000
Rachel.Ryan@arnoldporter.com
*Attorney for Plaintiffs*