IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-01687-CNS-MDB

JOSE ARROYO,
HEATHER BOEHM,
SAMUEL CORDO, and
AMBER MILLER,

    Plaintiffs,

v.

ALEXANDER HALL,
TIMOTHY HOLCOMB,
DEREK MYERS,
JOSHUA MOORE,
ANDREW PRIVETT,
DUSTIN ROSS,
CHAD WEISE, and
UNITED STATES OF AMERICA,

    Defendants.

## ORDER

Before the Court is Defendants Hall and Moore's Motion for Court to Decline Supplemental Jurisdiction over Remaining State-Law Claims. ECF No. 330. The Court GRANTS Defendants' motion. As they correctly observe, following the Court's dismissal order only state law claims remain at issue in this case. *See id.* at 2; ECF No. 314 at 17. Given this, and that this case has not yet proceeded to trial—and is, at most, in the early stages of discovery as to the state law claims specifically—dismissal of Plaintiffs' state

1

law claims is proper, despite Plaintiffs' contrary arguments. *See, e.g., Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial."); *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011); ECF No. 339 at 1–2. *Cf.* ECF No. 336 at 2–3, 12.

To the extent that Plaintiffs argue that consideration of various 28 U.S.C. § 1367(c) factors, such as economy, convenience, fairness, and comity, demand retention of supplemental jurisdiction, *see, e.g.,* ECF No. 336 at 13, consideration of these factors does not demand this outcome. Recall that the Court has dismissed the federal claims over which it had original jurisdiction. *See, e.g.,* ECF No. 314; § 1367(c)(3); *Merrifield v. Bd. of Cnty. Comm'rs for Cnty. of Santa Fe*, 654 F.3d 1073, 1086 (10th Cir. 2011). Regardless, while Plaintiffs' state law claims are, in the Court's opinion, neither novel nor complex, *see* § 1367(c)(1), the Court's resolution of them would be tantamount to a "needless decision[] [of] state law [that] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law" in state court. *Mayfield v. Pres Hosp. Admin.*, No. CV 17–00398 JCH/KRS, 2021 WL 3772214, at *5 (D.N.M. Aug. 25, 2021) (citation modified); *Sisneros v. Taylor*, No. 09–cv–01646–PAB–MJW, 2011 WL 2292194, at *2 (D. Colo. June 8, 2011), *aff'd sub nom. Sisneros v. Off. of Pueblo Cnty. Sheriff*, 466 F. App'x 755 (10th Cir. 2012) ("Notions of comity and federalism demand that a state court try its own lawsuits, absent

compelling reasons to the contrary." (citation modified)); *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995).

Accordingly, the Court's decision to decline supplemental jurisdiction, which is a decision entirely in its discretion, is proper. *See, e.g., Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) ("[F]ederal law is not where the real action is. So although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court." (citation modified)); *Muller v. Culbertson*, 408 F. App'x 194, 197 (10th Cir. 2011) (concluding district court did not abuse its discretion by "declin[ing] to exercise supplemental jurisdiction where it ha[d] dismissed all claims over which it ha[d] original jurisdiction" (citation modified)); *Overall v. Univ. of Pennsylvania*, 393 F. Supp. 2d 341, 343 (E.D. Pa. 2005) "[T]he ultimate decision on this issue is within the sound discretion of [courts]." (citation modified)).

Plaintiffs' argument that the Court has original jurisdiction over this matter based on Westfall Act certification fails to persuade, especially where this case was not removed from state court. *Compare* ECF No. 336 at 9, *with State Farm Indem. Co. v. Brehm*, Civil Action No. 13–02228 SRC, 2013 WL 5952013, at *2 (D.N.J. Nov. 6, 2013). But the Court notes, even if this case was removed, the authority upon which Plaintiffs rely does not prohibit dismissal or remand of the state law claims. *See Jordan v. Carter*, 739 F. Supp. 3d 647, 656 (S.D. Ohio 2024) ("That is to say, once the court resolves the tort claims against the officer that had supported *removal* in the first place, *Osborn* does not displace

3

*the normal rules* governing federal courts' remand of matters *over which they lack subject-matter jurisdiction*." (citation modified)); *Osborn v. Haley*, 549 U.S. 225, 245 (2007).

Plaintiffs' argument that federal jurisdiction is proper "under *Gunn* and *Grable*," ECF No. 336 at 10, is also unpersuasive, given, as Defendants observe, the nature of Plaintiffs' remaining claims do not demand the Court's exercise of supplemental jurisdiction, *see* ECF No. 339 at 5–6, as resolution of the *state law claims* does not "necessarily require application" of federal law "to the facts of [Plaintiffs'] case, *Gunn v. Minton*, 568 U.S. 251, 259 (2013), or raise any questions "significant to the federal system," *id.* at 264.

The Court makes one final observation. The Court is sensitive to the fact that this case was filed four years ago, and has subsequently involved litigation of various issues—including appeals to the Tenth Circuit. *See, e.g.,* ECF No. 336 at 14; ECF No. 256. But decisional law teaches in a case such as this, especially where the case has not proceeded to trial, it is improper to exercise jurisdiction over Plaintiffs' state law claims. *See, e.g., Transok Pipeline Co. v. Darks*, 565 F.2d 1150, 1155 (10th Cir. 1977) (opining that exercise of supplemental jurisdiction was proper after, *inter alia*, a motion to dismiss was filed "on the eve of trial"); *Foxfield Villa Assocs., LLC v. Robben*, 309 F. Supp. 3d 959, 976 (D. Kan. 2018), *aff'd*, 967 F.3d 1082 (10th Cir. 2020) (determining that "delays d[id] not necessarily show that the nature or extent of pretrial proceedings warrant[ed] retaining the case in federal court when no federal claims remain[ed]"); *Rodriguez-Ortega v. Rich*, No. 21–CV–01129 JCH/KK, 2024 WL 4298905, at *15 (D.N.M. Sept. 26, 2024) ("While the parties have largely completed discovery and pretrial motions practice in

federal court, the remaining proceedings should occur in as an efficient manner in state court as here. Most significantly, the claims to be resolved are issues of state law that are best resolved by the state courts . . ."); *Vreeland v. Fisher*, No. 13–cv–02422–PAB–KMT, 2014 WL 4854990, at *13 (D. Colo. Aug. 20, 2014), *report and recommendation adopted in part*, No. 13–cv–02422–PAB–KMT, 2014 WL 4854739 (D. Colo. Sept. 29, 2014), *aff'd*, 682 F. App'x 642 (10th Cir. 2017) ("[The] extent of pretrial proceedings does not outweigh the interests that would be served by having Plaintiff's state law claims tried in state court."). The Court finds the reasoning of these cases persuasive, particularly considering the United States Supreme Court's guidance on this issue. *See, e.g., Royal Canin,*, 604 U.S. at 32; *Barnett*, 956 F.3d at 1238.

Consistent with the above analysis, the Court grants Defendants' motion, ECF No. 330, and Plaintiffs' state law claims against them are dismissed without prejudice. *See, e.g., Birdwell v. Glanz*, 790 F. App'x 962, 964 (10th Cir. 2020).

DATED this 16th day of October 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge