IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-01687-CNS-MDB

JOSE ARROYO,
HEATHER BOEHM,
SAMUEL CORDO, and
AMBER MILLER,

    Plaintiffs,

v.

ALEXANDER HALL,
TIMOTHY HOLCOMB,
DEREK MYERS,
JOSHUA MOORE,
ANDREW PRIVETT,
DUSTIN ROSS,
CHAD WEISE, and
UNITED STATES OF AMERICA,

    Defendants.

## ORDER

Before the Court is Plaintiffs' Response to the Court's Order to Show Cause. ECF No. 344. In it, Plaintiffs "request that the Court continue to exercise jurisdiction over Defendants Ross, Holcomb, and Weise and reconsider its October 16, 2025 Order dismissing [their] claims against Defendants Hall and Moore." *Id.* at 1. For the following reasons, the Court declines to do so.

1

*First*, Plaintiffs reprise their argument that the Court has original jurisdiction in this matter, specifically that all their state-law claims "are within this Court's original jurisdiction because they present federal questions under the Westfall Act." *Id.* at 2. But the authorities upon which Plaintiffs rely arise from a materially distinct procedural background where such cases were *removed* from state courts, and the question was later presented as to whether *remand* was later proper. *See, e.g., Thornton v. Maryland Gen. Hosp.*, Civil Action No. WMN–13–162, 2013 WL 1943065, at *3 (D. Md. May 8, 2013) ("Once a case has been removed pursuant to a § 2679(d) certification, the Supreme Court has held that the district court must retain jurisdiction over the case." (citing *Osborn v. Haley*, 549 U.S. 225, 245 (2007)); *Golden v. State Mil. Dep't Nat'l Guard, California*, No. 2:16–cv–00507–KJM–AC, 2016 WL 8730892, at *2 (E.D. Cal. May 27, 2016) ("But the situation is different when the state court case was *removed* under the Westfall Act." (citation modified)).

And that's precisely the problem: this case did *not* arise from a state court removal. *See generally* ECF No. 1; *see also* ECF No. 344 at 3. Accordingly, the rationales underpinning the authorities upon which Plaintiffs rely are inapplicable and do not control the Court's analysis of Plaintiffs' response, or demand that the Court retain jurisdiction over this case and Plaintiffs' state law claims. Thus, even presuming that a Westfall Act case raises a "question of substantive federal law" at the outset, *De Martinez v. Lamago*, 515 U.S. 417, 435 (1995) (citation modified), this does not demand retention of jurisdiction where, as here, such a case was not *removed* from state court at the outset. *See also*

2

ECF No. 342 at 3–4.[1] Particularly where central to the Court's reasoning is the dismissal of Plaintiffs' federal claims following resolution of the Westfall Act certification issue, and how that dismissal leaves only state law claims in this case.[2]

Accordingly, the Court, as indicated and discussed in its prior order, is left to analyze the question of whether to keep this case in federal court—where only state law claims remain—under fundamental jurisdictional principles. *See generally id.* The Court made clear in its prior order that these principles demand dismissal without prejudice of the state law claims. The United States Supreme Court has recently provided guidance—if not an outright directive—that where, as here, only state law claims remain, district courts should "kick the case to state court." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025). And the Court is bound to follow *Royal Canin*'s recent and clear directive, particularly where adjudication of the remaining state law claims would be better decided by a state court. *See* ECF No. 342 at 2.

*Second*, Plaintiffs challenge authorities the Court citied in its prior order. *See* ECF No. 344 at 4. The Court is unpersuaded, especially where the Court's ultimate conclusion

---

[1] Indeed, dismissing without prejudice so that Plaintiffs may later re-file in state court, should they choose to do so, is *not* tantamount to the "needless shuttling" of this case from state court to federal court and back again disapproved of by Congress and the Westfall Act. *Lamagno*, 515 U.S. at 433 n.10. Especially where, given there is no state court from which this case was removed, there can be no "shuttling back" at all. Regardless, dismissing without prejudice so that a party can refile a state law claim in state court is not the same, as a procedural matter, as *remanding those claims* to a prior state forum from which they were removed. And applying basic jurisdictional and dismissal principles hardly amounts to "graft[ing] a dismissal provision onto a jurisdictional statute," as Plaintiffs suggest. ECF No. 344 at 4.

[2] The Court does not read *Lamagno* as broadly as Plaintiffs—i.e., as offering a broad grant of jurisdiction over Plaintiffs' state law claims where Plaintiffs filed this case originally in federal court—especially in light of how *Osborn* later interpreted the language from *Lamagno* to which Plaintiffs direct the Court. *See Osborn*, 549 U.S. at 244–45 ("Because a significant federal question (whether Haley has Westfall Act immunity) would have been raised at the outset, the case would "arise under" federal law, as that term is used in Article III. Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction." (citation modified)).

did not *rely* on those authorities. *See* ECF No. 342 at 3. Regardless, and as further explained in the Court's prior order, at bottom it has discretion to dismiss the remaining state law claims in light of this case's procedural background and remaining claims, and ample case law cited in the Court's prior order that all but instructs the Court to do so.

*Third*, Plaintiffs argue that "other equities support retaining jurisdiction." ECF No. 344 at 6. The Court—while sensitive to this case's lengthy procedural background—addressed substantially similar arguments in its prior order, and Plaintiffs have failed to show why the Court should not reach the same conclusion as it did in its prior order again here. *See* ECF No. 342 at 2. To be sure, while some language from *Osborn* and *Lamagno* supports Plaintiffs' position that the Court should retain jurisdiction over their state law claims, *see* ECF No. 344 at 6, Plaintiffs do not contend with the overarching and binding principle that where, as here, federal claims have been dismissed, the Court should proceed with dismissing without prejudice the remaining state law claims. Particularly where the concerns that typically arise in a *removed* Westfall Act case are not present. *See, e.g., Ukrainian Future Credit Union v. Seikaly*, Case No. 17–cv–11483, 2017 WL 5665960, at *7 (E.D. Mich. Nov. 27, 2017) ("Where, as here, a federal court dismisses all of the federal claims that give rise to the Court's original subject-matter jurisdiction, the court has discretion to dismiss remaining state-law claims without prejudice." (citation modified)).

Accordingly, and consistent with the above analysis, the Court declines to reconsider its prior order. ECF No. 342. Moreover, Plaintiffs have failed to show why the Court should not also dismiss their state law claims against Defendants Holcomb, Ross,

4

and Weise without prejudice. Therefore, the Court DISMISSES WITHOUT PREJUDICE Plaintiffs' claims against Defendants Holcomb, Ross, Weise, Hall, and Moore.  The Clerk of Court is directed to close this case.

DATED this 5th day of December 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge